**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rafael FLORES De La Torre, a.k.a. Rafael Flores, a.k.a. Rafael Delatorre Flores, Defendant–Appellant.**

**No. 10–50454.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2011.*

Filed Aug. 17, 2011.

Lily Chiao–I Hsu, Special Assistant U.S, Michael J. Raphael, Esquire, Assistant U.S., Office of The U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Davina T. Chen, Assistant Federal Public Defender, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Rafael Flores de la Torre appeals from the 37–month sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Flores contends that the district court procedurally erred when it determined that his motive for reentering the country was not a basis for a lower sentence. This contention lacks merit as the record reflects that the district court considered Flores's motive for reentry as part of its analysis of the 18 U.S.C. § 3553(a) sentencing factors, but found the circumstances insufficient to justify a lower sentence. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc).

Flores, citing *United States v. Amezcua–Vasquez,* 567 F.3d 1050, 1054–56 (9th Cir.2009), also contends that his sentence is substantively unreasonable due to the age of his prior felony conviction that triggered a 16–level enhancement. The district court considered Flores's argument in this regard, and reduced his criminal history category from level III to level I after concluding that it was overstated, but found the circumstances insufficient to warrant a further reduction below the adjusted Guidelines range. The sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *see also United States v. Valencia–Barragan,* 608 F.3d 1103, 1108–09 (9th Cir.2010) (emphasizing the limited scope of the holding in *Amezcua–Vasquez* ).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

